UNITED STATES of America, Appellant,

v.

**Clarence M. CREAMER and Delois L. Creamer, Appellees.**

**UNITED STATES of America, Appellant,**

v.

**GLENDA PLUMMER, INC., Appellee.**

Nos. 93–1624–CIV–J–20, 93–1625–CIV–J–20.

United States District Court, M.D. Florida, Jacksonville Division.

Feb. 13, 1996.

---

Bruce T. Russell, U.S. Dept. of Justice, Tax Division, Washington, DC, Stephen R. Takeuchi, IRS, Special Asst., U.S. Attorney, Jacksonville, FL, for appellant.

Albert H. Mickler, Law Office of Albert H. Mickler, Jacksonville, FL, for appellees.

## MEMORANDUM AND ORDER

METZNER, Senior District Judge.

The Internal Revenue Service (IRS) appeals from orders of Bankruptcy Judge Proctor confirming the debtors' plans of reorganization over the objection of IRS.

We are considering two separate appeals which have been consolidated because they present the same issue of law.

In the Creamer case, IRS had filed a notice of federal tax lien prior to the petition date with respect to the debtors employment tax liabilities. Subsequently, IRS filed a proof of claim in the bankruptcy proceeding of a secured claim for $20,336.35 and an unsecured priority claim for $26,918.53 and an unsecured general claim for $1,673.83. The latter claims are for income tax liabilities.

The reorganization plan proposed by the Creamers provided that the IRS secured claim be paid over a six year period at simple interest of 8%. The unsecured priority claim would be paid over a five year period, at simple interest of 8%.

In the Plummer case we have the same scenario, but different figures. The reorganization proposed by Plummer provided that the IRS secured claim be paid over a ten year period. The unsecured priority claim of IRS was to be paid over a five year period at simple interest of 8%.

The main argument by IRS is found in its brief which states that IRS "should not be placed in a worse position merely because it holds a valuable lien with respect to what would otherwise be a priority claim." The question is whether the plan satisfies the requirement of the law for confirmation on the facts.

Section 1129 of the Code provides for the confirmation of a plan. Subdivision (a) spells out the conditions that must be met before the Court may confirm a plan. Subdivision (b), known as the "cram down" provision, provides that if all the conditions of subdivision (a) are met, the Court shall confirm the plan if it "does not discriminate unfairly, and is fair and equitable" to a class which has not accepted the plan.

**156**

 Section 1129(b)(2)(A) sets forth the three conditions to be met if a plan is to be considered "fair and equitable" to secured creditors. If the three conditions are met, the plan shall be confirmed notwithstanding objection of a class. *In re Lakeside Global II, Ltd.,* 116 B.R. 499, 512 (Bankr.S.D.Tex. 1989).

 We will first discuss the question of whether the plan is fair and equitable. IRS urges that the plan does not meet the test because it violates the absolute priority rule. It does not provide for payment to IRS within a reasonable period of time and that what IRS receives under the plan is not "the undisputable equivalent of" its claim.

The absolute priority rule does not apply to secured creditors covered by subsection (A) because it was specifically omitted from that subsection. This is clear from the House Report where it specifically mentions of absolute priority with regard to subsection (B) covering unsecured creditors and Subsection (C) covering a class of interest, but makes no mention of absolute priority regarding subsection (A), H.R.Rep. No 595, 95th Cong., 1st Sess. 413 (1977).

IRS claims that it is entitled to compound rather than simple interest so as to satisfy the indisputable equivalent of its claim. This appears to be the first time that IRS has ever made such a demand. IRS relies on the case of *Matter of Southern States Motor Inns, Inc.,* 709 F.2d 647 (11th Cir.1983) for its position. In that case IRS did not demand compound interests. Its dispute there concerned the rate of interest determined by the Bankruptcy Court to properly compensate the creditor. Compound interest is not necessary to satisfy the "indisputable equivalent requirement."

We turn now to the question of whether the plan discriminates unfairly against the IRS on its secured claim. At the outset, the Court does not accept the argument of IRS that if it had not asserted the lien in the first place, its secured claim would be considered a priority claim and would be paid sooner under the plan. The fact is that it is a secured creditor and subject to different treatment by the law. *In re Reichert,* 138 B.R. 522, 526-7 (Bankr.W.D.Mich.1992).

The issue of discriminatory impact will be decided on the basis of IRS being a secured creditor, not on what it might have been.

On the facts of this case, the Court below was justified in finding that the Creamer plan did not discriminate unfairly against IRS. The fact that it will be paid out in five years on its priority claim and in six years on its secured claim, in the absence of absolute priority, is not discriminatory.

 I do have a problem with the Plummer plan. Plummer is a hair salon providing cosmetology services. Its equipment which is subject to the lien is in daily use and requires regular maintenance and repair. The president of Plummer testified that its equipment which was purchased in 1989 was worth $75,000 and had a useful life of 50 years, which takes us to 2039. Such a claim, even to the uninitiated, is preposterous. Even the ten years provided in the plan is too long for this type of business.

With the priority claims being paid off in five years, I find a ten year period for secured claims to be discriminatory in Plummer. This case is remanded to the Bankruptcy Court for re-evaluation on the time period for paying the secured claim of IRS.

SO ORDERED.